

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

July 31, 2019

**Daniel C. Green**
Associate
+1 212 407 7735
dgreen@vedderprice.com

Hon. Edgardo Ramos (via ECF)
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    Bodum Holding AG et al. v. Starbucks Corp., Case No 1:19-cv-04280-ER**

Dear Judge Ramos:

I am counsel to Plaintiffs Bodum Holding AG and Bodum USA, Inc. (collectively "<u>Bodum</u>") in the above-referenced action. I write in response to Defendant Starbucks Corporation's ("<u>Starbucks</u>") July 15, 2019 request for a pre-motion conference to discuss Starbucks's proposed motion to dismiss ("<u>Pre-Motion Request</u>"). I also request by this letter that lead counsel for Bodum, Nicole J. Wing, whose *pro hac vice* application is pending, be granted leave to appear at the August 8, 2019 hearing in this matter.

### I.     Background

This case involves a product that Bodum and Starbucks developed together—a French press coffeemaker made of recycled materials (the "<u>Recycled French Press</u>" or the "<u>Product</u>") to be sold in Starbucks retail locations in various markets. We believe that Starbucks tested the prototype of the Product, based upon the fact that Starbucks requested certain changes to the Product before it was put in production. No changes were requested with regard to the knob, and this is not surprising—when testing the knob earlier this year, Bodum and Starbucks were informed that the knob is very strong, able to withstand more than 400N of pressure. (Compl. ¶¶ 11-26, 60-64.)

Nonetheless, based upon nine reported incidents of injury out of hundreds of thousands of Products, Starbucks sought to voluntarily recall the Product despite testing indicating the lack of defect in the Product and no CPSC mandate for a recall. Starbucks proceeded with the recall, making statements that disparaged Bodum's products in the process. Bodum brought this lawsuit to address the costs of the recall (Count I) and Starbucks's product disparagement (Count II). Starbucks now brings a Pre-Motion Request to dismiss Count II.

### II.    <u>Bodum Has Sufficiently Stated a Claim Under FRCP Rule 12(b)(6)</u>

A.    <u>The Complaint identifies numerous false statements and omissions</u>

To state a claim for product disparagement, a plaintiff must allege that the defendant (1) published a knowingly false statement, (2) harmful to the interest of another and (3) intended such publication to harm the plaintiff's pecuniary interests. *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 820 (9th Cir. 1995). Bodum has satisfied its pleading burden for all three elements.

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

As a preliminary matter, Starbucks inaccurately asserts that "no Washington court expressly recognized a cause of action for product disparagement." (Pre-Motion Request at n.2.) This is wrong. In *Wachter v. Carnation Co.*, 485 P.2d 1000, 1003-04 (Wash. Ct. App. 1971), the court distinguished the elements of proof for defamation as opposed to product disparagement. The court expressly recognized the tort of product disparagement and did so by comparing its elements of proof to a similar cause of action. The Ninth Circuit also recognized this point in *Auvil*, 67 F.3d at 820, noting that based on *Wachter*, it was safe to assume Washington recognizes the tort of product disparagement. Lastly, Starbucks cites to an unpublished Ninth Circuit opinion, *Philips Oral Healthcare, Inc. v. Fed. Ins. Co.*, 83 Fed. Appx. 963, 965 (9th Cir. 2003), which dealt with a motion for summary judgment, not a motion to dismiss. That case also supports the fact that Washington recognizes the tort of product disparagement, acknowledging that such a claim could trigger a duty to indemnify. In sum, Starbucks fails to identify a single case that actually supports its position.

Turning to the substance of Starbucks's argument, Starbucks asserts that the only "specific fault" that Bodum alleges is Starbucks's failure to identify the Recycled French Press as gray in its online press release. (Pre-Motion Request at 2.) Starbucks takes the position that because the word "gray" appears (albeit buried in the third page of text) in its press release, that Bodum has failed to allege a false statement to support a claim for product disparagement. This is simply not true for a number of reasons. First, Bodum stands by its allegation that Starbucks's failure to identify the Product as being gray (as opposed to the non-recalled "Black Triton" product) in a conspicuous and meaningful way has continued to cause significant product and brand damage because customers have come to believe that other products (of many other colors) are defective and being recalled.

Second, the Complaint alleges that Starbucks, through the statements in the press release, "has created an impression that Bodum French presses in general are defective." This is evidenced by the statements in the media that stem from Starbucks's press release. (Compl. ¶¶ 74-78.)

Third, the Complaint alleges that Starbucks recalled the Product in locations where no one was injured, again creating the false impression of a defect. This is a situation where an action has spoken—Starbucks is communicating that the Product, and Bodum products in general, are defective. (Compl. ¶ 79.)

Fourth and finally, Bodum's entire Complaint is centered around the fact that Starbucks has communicated to the CPSC and the world that the Recycled French Press is defective when it is not.

More statements will inevitably come to light as this litigation proceeds. Since the filing of its lawsuit, Bodum has learned of at least two false statements by Starbucks. Starbucks told the buyer for Starbucks Italy and Starbucks Latin America that all recycled French presses are being replaced. This is untrue; the "Black Triton" recycled French press was not recalled anywhere. Bodum could certainly amend its Complaint to include these statements, but this would be inefficient because Bodum will continue to uncover such statements during discovery and there is no requirement to re-plead as allegations are unearthed. What matters at this stage is that Bodum sufficiently initiated this lawsuit through a well-pleaded complaint containing the statements of which Bodum was aware at the time of filing. A motion to dismiss should not be entertained in the face of this robust Complaint.

Page 3
July 31, 2019

      B.      <u>Bodum has adequately pleaded damages</u>

Starbucks posits that Bodum must identify all the customers whose business was lost in order to survive a motion to dismiss.  (Pre-Motion Request at 3.)  This is not the pleading requirement under Washington law.

In support of its argument, Starbucks cites an inapplicable New York case, *Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 51 (S.D.N.Y. 2015) and asserts that this New York case sets the pleading standard.  Starbucks essentially claims that even though Washington law applies, *Bilinski*, which applied New York law, is controlling.  It is not; Washington law applies.

Although inapplicable to the question of damages, *Bilinski* is distinguishable from the instant case.  In *Bilinski* a group of owners of 111 pieces of Keith Haring's artwork alleged, in part, that his foundation conspired to exclude them from purchasing more works after Haring's death.  *Id*. at 39, 41.  The dispute stemmed from the foundation's statements in a press release that it was attempting to stop the "display of fake Haring works," which gave rise to a New York state law claim for trade libel.  *Id*. at 51.  The court determined that the plaintiffs had failed to itemize special damages for numerous individual plaintiffs, as is a New York requirement in trade libel cases.  *Id*. at 51.  The court also found that plaintiffs failed to plead losses such as specific sales prices and the names of the museums that refused to purchase art as a result of the press release.  *Id*.

The statements made about individual, one-of-a-kind paintings, and the resulting pecuniary losses related to those statements, are quite different than the statements made about a product such as a Recycled French Press, which was available for sale in Starbucks stores across the United States and Canada.  Unlike the plaintiff in *Bilinski*, who easily could have identified the dollar value of the painting he owned, and the name of the London museum he had intended to sell the painting to, Bodum produced hundreds of thousands of Recycled French Presses to be sold in Starbucks stores across the world.  Bodum has exponentially more products it sells and seeks to continue to sell about which Starbucks has caused confusion, resulting in lost sales of non-recalled products.  To expect Bodum to name each and every customer who has been confused or misled by the press release at this phase of the litigation—causing a significant decline in Bodum's sales—will require expert work.  Additionally, it would be unreasonable to require Bodum to assign, at this time, a dollar value to the corrective advertising and public relations to mitigate and remediate Starbucks's conduct where the injury is a continuing one.

Finally, Bodum has pleaded special damages beyond loss of customers, including reputational and brand damage.  (Compl. ¶¶ 2, 76.)  Based on the foregoing, Bodum respectfully requests that the Court deny Starbucks's request to file a motion to dismiss Count II of the Complaint.

Very truly yours,

/s/ Daniel C. Green

Daniel C. Green

NJW/mvt