UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BODUM HOLDING AG, BODUM USA, INC.,
BODUM AG and PI-DESIGN AG,

           Plaintiffs,

-against-

STARBUCKS CORPORATION,

           Defendant.

Case No. 1:19-cv-04280 (ER)

Honorable Edgardo Ramos

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS
COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

                                                            **Page**

I.     INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF FACTS ..................................................................................... 3

        A.     Procedural Background................................................................................ 3

        B.     The Master Purchase Agreement ................................................................ 4

        C.     The Confidential Settlement Agreement and Release ............................... 6

III.   LEGAL ANALYSIS AND ARGUMENT ............................................................. 6

        A.     Relevant Legal Standard.............................................................................. 6

        B.     Bodum Has Sufficiently Pleaded a Claim for Breach of the MPA......................... 8

        C.     Bodum Has Sufficiently Pleaded a Claim for Breach of the Settlement Agreement................................................................................................. 11

        D.    Starbucks Failed to Meet and Confer with Bodum............................... 13

IV.   CONCLUSION..................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akinfaderin v. W.P. Carey & Co. Llc*,
   2011 U.S. Dist. LEXIS 150740 (S.D.N.Y. 2011)...................................................................7

*Astroworks, Inc. v. Astroexhibit, Inc.*,
   257 F. Supp. 2d 609 (S.D.N.Y. 2003)....................................................................................7

*Banks v. Corr. Servs. Corp.*,
   475 F. Supp. 2d 189 (E.D.N.Y. 2007) ...................................................................................7

*Beautiful Jewellers Private, Ltd. v. Tiffany & Co.*,
   2007 U.S. Dist. LEXIS 20263 (S.D.N.Y. 2007).....................................................................7

*Black v. National Merit Ins. Co.*,
   226 P.3d 175 (Wash. Ct. App. 2010)...................................................................................10

*Bryant v. Joseph Tree, Inc.*,
   119 Wn.2d 210 (1992) .........................................................................................................12

*City of Union Gap v. Printing Press Properties, L.L.C.*,
   409 P.3d 239 (Wash. Ct. App. 2018)...................................................................................10

*Equilon Enters. LLC v. Great Am. Alliance Ins. Co.*,
   132 Wash. App. 430 (2006)...................................................................................................9

*Harvey v. Centene Mgmt. Co. LLC*,
   357 F. Supp. 3d 1073 (E.D. Wash. 2018) .............................................................................8

*Independence Ins. Serv. Corp. v. Hartford Life Ins. Co.*,
   2006 U.S. Dist. LEXIS 14915 (D.C. Conn. 2006)...............................................................11

*Lamar v. Lutheran Home of Southbury*,
   2005 U.S. Dist. LEXIS 11132 (Conn. Dist. Ct. 2005)...........................................................6

*Lehrer v. DSHS*,
   101 Wash. App. 509 (Wash. Ct. App. 2000) ........................................................................8

*Minie v. Selene Fin. Ltd. P'ship*,
   No. 3:18-cv-05364-RJB, 2019 U.S. Dist. LEXIS 7160 (W.D. Wash. Jan. 15,
   2019) ...............................................................................................................................8, 10

*Mose v. Mose*,
   4 Wn. App. 204 (Wash. Ct. App. 1971) ..............................................................................12

*Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir. 2005)...................................................................................................8

*Purjes v. Plausteiner*,
    2016 U.S. Dist. LEXIS 16345 (S.D.N.Y. 2016).....................................................................11

*Ratty v. Univ. of Wash.*,
    2001 Wash. App. LEXIS 2562 (Wash. Ct. App. 2001).........................................................12

*Rehman v. State Univ. of N.Y.*,
    596 F. Supp. 2d 643 (E.D.N.Y. 2009) ................................................................................7, 9

*Reid v. Pierce County*,
    136 Wn.2d 195 (1998)...........................................................................................................12

*Rimov v. Schultz*,
    162 Wash. App. 274 (Wash. Ct. App. 2011) ..........................................................................9

*State v. LG Elecs., Inc.*,
    185 Wn. App. 394 (Wash. Ct. App. 2015) ...........................................................................12

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)............................................................................................................6, 8

*Universitas Educ., LLC v. Nova Group, Inc.*,
    2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. 2013) .................................................................13

**Statutes**

Fed. R. Civ. P. 9................................................................................................................................11

Fed. R. Civ. P. 9(b)...........................................................................................................................11

Fed. R. Civ. P. 12(b)(6).........................................................................................................3, 7, 10

I. **<u>INTRODUCTION</u>**

Bodum has stated a claim for breach of contract, the only count of Bodum's Second Amended Complaint ("SAC") that Starbucks moved to dismiss.[1] This count, Count III, deals with Starbucks's use of Bodum's suppliers to procure product for sale at Starbucks's stores and/or online. Starbucks has done this without Bodum's authorization. Both of the contracts applicable to this case prohibit this conduct. Thus, Starbucks is in breach of those contracts. Starbucks has cut Bodum out of the supply chain, thereby causing damage to Bodum. These are the elements of a breach of contract claim, and these facts are all pleaded in the SAC.

Starbucks's bases for its motion to dismiss are: (1) that Bodum and Starbucks did not amend the Master Purchase Agreement ("MPA") to list the suppliers that Bodum alleges were added to the MPA as "Bodum Suppliers" through mutual agreement of the parties, and (2) that Bodum did not plead with particularity the products that Starbucks sold that embodied Bodum's designs in breach of the Settlement Agreement between the parties dated January 14, 2008 (the "Settlement Agreement"). The first contention is a factual dispute. The second is Starbucks's imposition of a pleading requirement that does not exist.

With regard to the MPA, Bodum has named the provisions of the MPA that Starbucks breached. (2nd Am. Compl. ¶¶ 52-53, 56, 110-114, 135-136.) Bodum has alleged why the named suppliers are Bodum Suppliers as defined by the MPA—because the MPA was amended by mutual agreement of the parties. (2nd Am. Compl. ¶¶ 112-113.) Bodum has alleged how Starbucks

---

[1] Starbucks oddly kicks off its motion with a criticism that Bodum twice amended the complaint. (MTD at 1.) However, the first amendment was brought as a matter of course and with leave of court, and the second amendment was brought with Starbucks's agreement and, again, leave of court. Bodum's amendments have nothing to do with the Motion to Dismiss. In any event, Starbucks has not moved to dismiss the original two counts of Bodum's case. If Starbucks thought that Bodum failed to plead its original claims when it amended, Starbucks certainly would have moved to dismiss.

breached those provisions—by using the suppliers. (2nd Am. Compl. ¶¶ 110-114, 135.) Bodum has alleged damage. (2nd Am. Compl. ¶¶ 114, 136.) Starbucks's response is essentially "no, you're wrong; the MPA was not amended." (MTD at 6, 9-10.) This position violates the most fundamental tenant of consideration of a motion to dismiss: the Court must accept Bodum's allegations as true.

In addition, Starbucks's Motion to Dismiss would require the Court to interpret the meaning of the MPA. The MPA states that the supplier list can be expanded by mutual agreement of the parties. (2nd Am. Compl. ¶¶ 38, 54, 111.) It states, in an amendment, that additional suppliers should be added in writing. (MTD at 2, 5.) Starbucks contends that this means that a new Schedule 4 (the supplier list) would need to be attached to the MPA. (MTD at 9-10.) But this is not necessarily what mutual agreement of the parties and a writing means. Bodum has alleged that there was a sufficient amendment through Starbucks's audit and approval of the suppliers (which includes writings) and the parties then moving forward with the suppliers. (2nd Am. Compl. ¶¶ 112-113.) These differing interpretations of what was required to reach mutual agreement cannot be decided on a motion to dismiss.

With regard to the Settlement Agreement, Starbucks does not advance any serious argument. On a single page, Starbucks argues, without legal authority, that Bodum needed to name the specific products that Starbucks ordered in violation of the contract. This is a fictional pleading standard. Bodum put Starbucks on notice of its claim for breach of the Settlement Agreement. The Agreement prohibits Starbucks from selling products that embody Bodum's designs. Bodum has shared many designs with Starbucks in the 20 years of these parties' relationship. Starbucks is now ordering products from Bodum's suppliers (instead of from Bodum) that embody Bodum designs. This circumvention of Bodum damaged Bodum. Bodum

has pleaded each of these facts—see 2nd Am. Compl. ¶¶ 46-50, 110-114, 135-136.  The specific products need not be named and will be revealed in discovery.  Bodum's allegations satisfy (and, in fact, exceed) notice pleading standards, particularly the liberal pleading standards applicable to a breach of contract claim.  Starbucks's Motion to Dismiss should, thus, be denied.

As a final point, Starbucks met and conferred with Bodum and the Court about its previously contemplated motion to dismiss Count II.  This was done at a time that Count III did not yet exist.  When Bodum brought Count III in its Amended Complaint and the SAC, Starbucks never discussed with Bodum the purported bases for a motion to dismiss.  Judge Ramos's "Individual Practices" requires a pre-motion conference with the Court before making a motion to dismiss. (Individual Practices of Judge Edgardo Ramos, Sect. 2(A)(ii).)  Starbucks violated this rule.  Its Motion to Dismiss can also be denied on this ground alone.

## II. STATEMENT OF FACTS

### A. Procedural Background

Bodum filed its Complaint for Declaratory Judgment and Product Disparagement on May 10, 2019.  *See* ECF No. 1.  In its Complaint, Bodum asserted a claim for declaratory judgment, which was Count I of the Complaint, and for product disparagement, which was Count II of the Complaint.  On August 15, 2019, a pre-motion conference was held to discuss Starbucks's proposed motion to dismiss Count II of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  At the conference, Bodum discussed with the Court the additional false and misleading statements that Bodum had learned of since filing the original Complaint.  Bodum stated its willingness to amend the Complaint to add those statements, and the Court granted Bodum leave to file an Amended Complaint.

Bodum filed its First Amended Complaint on August 22, 2019.  *See* ECF No. 22.  Bodum's First Amended Complaint added the facts discussed at the conference related to Count II and added

a Count III for a breach of contract claim. Bodum's First Amended Complaint states that Starbucks breached two separate agreements: (1) the Master Purchase Agreement, as amended and (2) the Confidential Settlement Agreement and Release dated January 14, 2008. (Am. Compl. ¶ 133.)

Bodum thereafter, by agreement of the parties and with leave of Court, filed its Second Amended Complaint to correct party names. *See* ECF No. 28. Starbucks then brought the present motion to dismiss (the "MTD"). *See* ECF No. 32. Starbucks no longer seeks dismissal of Count II, tacitly recognizing the sufficiency of the additional facts alleged related to the product disparagement claim. Starbucks instead seeks dismissal only of the breach of contract claim. When Starbucks first met and conferred with Bodum and the Court about dismissal, Count III did not exist. Starbucks has never met and conferred with Bodum about Count III. Its motion to dismiss this count should be denied for this procedural deficiency alone.

In any event, Starbucks's MTD is essentially premised on the argument that Bodum's allegations of a breach are untrue. Dismissal on these grounds is inappropriate at the pleading stage. Despite a liberal notice-pleading standard, Bodum has adequately alleged the precise provisions of the contracts that were violated and how Starbucks violated them—by using Bodum suppliers to sell Bodum-like products. (2nd Am. Compl. ¶¶ 51-56, 110-114, 133-136.)

    B.    <u>The Master Purchase Agreement</u>

In November of 2002, Bodum and Starbucks entered into the MPA, whereby Starbucks was to purchase certain "Approved Products" from Bodum to be sold in Starbucks's retail locations across the globe. (2nd Am. Compl. ¶ 35.) The MPA placed restrictions on certain suppliers Starbucks was prohibited from using and provided that Starbucks was forbidden from circumventing Bodum and using Bodum's suppliers to manufacture or supply goods for Starbucks. (2nd Am. Compl. ¶ 52.) While the MPA contains a list of prohibited suppliers on Schedule 4, it also states that the list may be amended from time to time by mutual agreement of the parties. (2nd

-4-

Am. Compl. ¶ 54.); (MPA Schedule 1.) The crucial portion of the MPA states, "during the term of this Agreement, Starbucks will not enter into any agreement with a Bodum Supplier for the performance of services or delivery of goods which are similar to goods and/or services that the Bodum Supplier provides to Bodum in connection with any Approved Product." (2nd Am. Compl. ¶ 53.)

The MPA was subsequently amended several times, including the April 30, 2013 Third Amendment and Supplement to Master Purchase Agreement ("Third Amendment"). The Third Amendment states, in part, that Starbucks must consult with Bodum prior to engaging an alternative supplier to design, develop and/or purchase any Covered Product. (2nd Am. Compl. ¶ 56.) It further states that "Starbucks agrees that it shall not engage or retain any Bodum Supplier, as such suppliers are identified on Schedule 4, to manufacture or produce any product other than an Approved Product." (Third Amendment ¶ 3.) The parties were also permitted to "mutually agree at any time to update, revise, or amend Schedule 4 by entering into a written amendment." (Third Amendment ¶ 3.)

In violation of the MPA, Starbucks is using Bodum suppliers, ML Glass and Ningbo Worldcrown, to manufacture products for sale in Starbucks stores. (2nd Am. Compl. ¶ 110.) Starbucks learned of ML Glass and Ningbo Worldcrown through Bodum. (2nd Am. Compl. ¶ 112.) Starbucks knew that these suppliers constituted Bodum Suppliers and even audited them to approve them as suppliers. (2nd Am. Compl. ¶ 112.) Starbucks's approval of ML Glass and Ningbo Worldcrown constituted mutual agreement of the parties, and the paper trail created by the audit sufficiently memorializes, in writing, that ML Glass and Ningbo Worldcrown are Bodum Suppliers, as does the course of conduct of the parties in Starbucks accepting Bodum products from these suppliers. (2nd Am. Compl. ¶¶ 112-113.)

C.  The Confidential Settlement Agreement and Release

On January 14, 2008, Bodum and Starbucks entered into the Settlement Agreement. (2nd Am. Compl. ¶ 45.) The Settlement Agreement stemmed from a lawsuit alleging that Starbucks infringed upon the trade dress of Bodum's designs. (2nd Am. Compl. ¶ 45.) As part of that agreement, Starbucks agreed that it would not intentionally copy Bodum's designs. (2nd. Am. Compl. ¶ 46.) The Agreement also provides that Starbucks will not sell products intentionally embodying Bodum's product designs that have been identified to Starbucks as proposed designs, but that are not supplied by Bodum. (2nd Am. Compl. ¶ 47.)

Starbucks has immense knowledge of Bodum's business and designs. It has been privy to nearly every proposed design that Bodum has developed, including its French press carafes and plungers, as well as dozens of aesthetic exterior designs. (2nd Am. Compl. ¶¶ 48-49.) Starbucks has also been privy to Bodum's designs for other products including its glassware, mugs, tea products and much more. (2nd Am. Compl. ¶ 50.) Yet, Starbucks has, in violation of the Settlement Agreement, purchased from ML Glass and Ningbo Worldcrown, non-Bodum products that embody Bodum designs. (2nd Am. Compl. ¶ 135.) There are no restrictions in the Settlement Agreement on suppliers; there is no supplier list associated with the obligations in the Settlement Agreement.

### III.  LEGAL ANALYSIS AND ARGUMENT

A.  Relevant Legal Standard

A complaint "must be read pursuant to a notice pleading standard." *Lamar v. Lutheran Home of Southbury*, 2005 U.S. Dist. LEXIS 11132, at *2 (Dist. Conn. 2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). At "the pleading stage of litigation, the plaintiff need only provide a 'short and plain statement' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Rehman v. State Univ. of N.Y.*, 596 F.

Supp. 2d 643, 650 (E.D.N.Y. 2009). A complaint may not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears "beyond doubt" that the plaintiff can prove *no set of facts* entitling it to relief. *Beautiful Jewellers Private, Ltd. v. Tiffany & Co.*, 2007 U.S. Dist. LEXIS 20263, at *3 (S.D.N.Y. 2007). The Court "must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Banks v. Corr. Servs. Corp.*, 475 F. Supp. 2d 189, 195 (E.D.N.Y. 2007). "No particular words need appear, so long as the Complaint contains allegations that directly or inferentially support these and other material elements of the claim." *Beautiful Jewellers*, 2007 U.S. Dist. LEXIS at *19.

At the motion to dismiss stage, "the issue 'is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 614 (S.D.N.Y. 2003). "The task of the court in ruling on a Rule 12(b)(6) motion is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Id.*

Under notice pleading, plaintiff's complaint must include "enough facts to state a claim of relief that is plausible on its face." *Akinfaderin v. W.P. Carey & Co. Llc*, 2011 U.S. Dist. LEXIS 150740, at *3 (S.D.N.Y. 2011). "Plausibility, in turn, requires that the allegations in the complaint 'raise a reasonable expectation that discovery will reveal evidence' in support of the claim." *Id.* at 3-4. That is, the simplified notice pleading standard "relies on liberal discovery rules . . . to define disputed facts and issues and to dispose of unmeritorious claims." *Pelman v. McDonald's Corp.*, 396 F.3d 508, 512 (2d Cir. 2005) (citing *Swierkiewicz*, 534 U.S. at 512-13).

B. <u>Bodum Has Sufficiently Pleaded a Claim for Breach of the MPA</u>

The MPA prohibits Starbucks from using Bodum Suppliers without Bodum's approval. In the SAC, Bodum alleged that Starbucks is using Bodum Suppliers, ML Glass and Ningbo Worldcrown, to manufacture products for sale in Starbucks stores, without Bodum's approval. (2nd Am. Compl. ¶¶ 110, 135.) Bodum alleged that using these suppliers without involving Bodum is improper because it is circumventing Bodum in the parties' agreed purchasing process, resulting in significant lost sales to Bodum. (2nd Am. Compl. ¶ 114.) "To assert a claim for breach of contract, a plaintiff must allege the existence of a valid contract, a breach of the contract, and damages." *Minie v. Selene Fin. Ltd. P'ship*, No. 3:18-cv-05364-RJB, 2019 U.S. Dist. LEXIS 7160, at *24 (W.D. Wash. Jan. 15, 2019).[2] Through the above-stated facts, Bodum has stated each element of a breach of contract claim under Washington law.

Starbucks argues that Bodum's allegations that the suppliers' approval through the audit process constituted mutual agreement of the parties is not supported by the MPA or law. (MTD at 9.) Starbucks goes on to say what it believes the MPA does and does not restrict. (*Id*. at 9-10.) But Starbucks's contractual interpretation of the MPA cannot be considered on a motion to dismiss. *See Harvey v. Centene Mgmt. Co. LLC*, 357 F. Supp. 3d 1073, 1085 (E.D. Wash. 2018) ("[I]t would be premature at the motion to dismiss stage for the Court to delve into contractual interpretation . . . checking each term of the contract against each factual allegation in the complaint. At the motion to dismiss stage the Court does not engage in debating the terms of the applicable contract. Rather, the Court is only concerned with whether the Complaint alleges facts

---

[2] Starbucks cites to *Lehrer v. DSHS,* 101 Wash. App. 509, 516 (Wash. Ct. App. 2000) to set forth the elements of a breach of contract claim. (MTD at 8.) *Lehrer* dealt with a motion for summary judgment, not a motion to dismiss. There are very few cases under Washington law that grant motions to dismiss contract claims for failure to state a claim.

that, if proven, are sufficient to state a claim for relief."). Only Bodum's allegations, accepted as true, are relevant to this motion.

Bodum has stated a plausible claim for breach under the Second (and Ninth) Circuit's liberal notice pleading standard. The civil rules require Bodum to provide a "'short and plain statement' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Rehman*, 596 F. Supp. 2d at 650. Bodum has done *more* in its SAC than what is required of it. It specifically identified the sections of the MPA that Starbucks breached and what conduct Starbucks committed that constituted a breach, down to precisely naming the Bodum Suppliers of which Bodum is aware at this time that Starbucks unlawfully used to circumvent Bodum. (2nd Am. Compl. ¶¶ 110-114.)

Starbucks maintains that because ML Glass and Ningbo Worldcrown are not named on Schedule 4 of the MPA, it was not restricted from using those suppliers. (MTD at 10.) However, the MPA specifically states that the list of suppliers provided on Schedule 4 may be amended from time to time by mutual agreement of the parties.[3] (2nd Am. Compl. ¶ 54.) Bodum alleged in the SAC that these suppliers *were* added by mutual agreement of the parties. (2nd Am. Compl. ¶¶ 112-

---

[3] Starbucks cites to *Rimov v. Schultz*, 162 Wash. App. 274, 282-83 (Wash. Ct. App. 2011) and *Equilon Enters. LLC v. Great Am. Alliance Ins. Co.*, 132 Wash. App. 430, 437 (2006) in support of its argument that Bodum's allegations are an impermissible "rewrite" of the MPA. (MTD at 10.) Both cases are easily distinguished. In *Rimov*, the appellate court upheld the denial of a motion to dismiss under Washington's Uniform Arbitration Act because it found that the parties did not agree to binding arbitration. *Id.* In interpreting the parties' underlying agreement, the court observed an explicit provision regarding all arbitration as "non-binding." *Id*. Such language is not at issue here. Likewise, in *Equilon*, the court of appeals reversed and remanded a grant of summary judgment to an insurer, and found in favor of an insured, because it found that the underlying insurance policy was sufficiently broad to include coverage for an injury claim the insured had settled with an assault victim. None of those facts, language or principles is relevant here. In any event, Bodum does not seek a "rewrite" of the MPA. It seeks to enforce the applicable provisions that were modified by agreement of the parties—exactly what the MPA states.

113.) Starbucks, obviously, believes this is wrong. But disagreement about the facts is irrelevant to a motion to dismiss. *See Minie*, 2019 U.S. Dist. LEXIS 7160, at *24-26.

In *Minie*, the plaintiff alleged the element of breach (pertaining to a real estate contract), in part, by stating that the defendant had not sent certain title documents to the plaintiff. *Id.* at *26. The defendant, in bringing a FRCP 12(b)(6) motion to dismiss, countered that the plaintiff had not obtained a formal release of title before closing and disagreed with the plaintiff's allegations concerning the provision of the title documents. *Id.* at *25-26. The court denied the motion to dismiss, reasoning that the defendant's arguments cannot be considered at the dismissal stage and that, despite disagreement on the facts, the plaintiff's allegations were sufficient to state a breach of contract claim. *Id.*

The *Minie* defendant's argument that the plaintiff had not obtained a formal release is analogous to Starbucks's argument that Bodum did not obtain a proper amendment to the MPA. Bodum alleges that the suppliers at issue *were* added to the supplier list by mutual agreement; Starbucks's position that they were not cannot be considered at the dismissal stage.

In addition, Bodum has alleged that Starbucks audited the suppliers and proceeded to receive products sourced from these suppliers. (2nd Am. Compl. ¶ 112.) This shows a course of conduct. The court is not bound by analyzing each individual provision of the MPA by itself. Rather, in interpreting a contract, the primary goal of the court is to "discern the intent of the parties, and such intent must be discovered from viewing the contract as a whole." *Black v. National Merit Ins. Co.*, 226 P.3d 175, at *20 (Wash. Ct. App. 2010). Moreover, courts "consider the actions of the parties subsequent to the signing of the contract as evidence of intent at the time of signing." *City of Union Gap v. Printing Press Properties, L.L.C.*, 409 P.3d 239, at *48 (Wash. Ct. App. 2018). The actions of the parties here show that ML Glass and Ningbo Worldcrown were

Bodum Suppliers under the MPA, just as Bodum has alleged. With these allegations, Bodum adequately put Starbucks on notice of its claim that Starbucks breached the MPA when Starbucks used these suppliers without Bodum's authorization.

      C.      <u>Bodum Has Sufficiently Pleaded a Claim for Breach of the Settlement Agreement</u>

Bodum's breach of contract allegations pertaining to the Settlement Agreement are likewise more than adequate to survive dismissal. Bodum alleged that the Settlement Agreement prohibits Starbucks from selling products embodying Bodum's designs. (2nd Am. Compl. ¶ 47.) Bodum alleged that Starbucks sold products embodying Bodum's designs. (2nd Am. Compl. ¶¶ 110, 135.) Bodum alleged that it was damaged as a result. (2nd Am. Compl. ¶¶ 114, 136.) Bodum, thus, stated a claim for breach of contract.

Starbucks argues that because Bodum did not "identif[y] the products which . . . embody Bodum designs," Bodum has not sufficiently pleaded its claim that Starbucks breached the Settlement Agreement. (MTD at 11.) Starbucks further argues that Bodum has failed to assert facts that would support a claim that Starbucks "intentionally" embodied Bodum's designs. (*Id*.)

Starbucks is making up a legal standard that does not exist. There is no heightened pleading requirement for a breach of contract claim. *See Purjes v. Plausteiner*, 2016 U.S. Dist. LEXIS 16345, at *25 (S.D.N.Y. 2016) (holding that since plaintiff's breach of contract claim was not premised on fraudulent conduct, it was not subject to the heightened pleading standard of Fed. R. Civ. P. 9(b)); *see also Independence Ins. Serv. Corp. v. Hartford Life Ins. Co.*, 2006 U.S. Dist. LEXIS 14915, at *3 (D.C. Conn. 2006) ("There are no heightened pleading requirements under the federal rules, with the exception of Fed. R. Civ. P. 9.")

Starbucks cites *zero* legal authority in this section of the MTD for its conclusion that Bodum needed to identify specific products, and for good reason—no such authority exists. Bodum has no obligation to identify each and every product that Starbucks has purchased and sold

that embodies Bodum designs.  This makes sense because *Starbucks* is the party that knows what product it ordered.  Bodum is permitted to "use the discovery process to uncover the evidence necessary to pursue [its] claims." *State v. LG Elecs., Inc.*, 185 Wn. App. 394, 407 (Wash. Ct. App. 2015); *see Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 222 (1992) ("The notice pleading rule contemplates that discovery will provide parties with the opportunity to learn more detailed information about the nature of a complaint."); *see also Mose v. Mose*, 4 Wn. App. 204, 210 (Wash. Ct. App. 1971) ("the notice pleading concept inherent in the rules anticipates that the issues to be tried will be delineated by pretrial discovery.").  The extent of which Starbucks has purchased non-Bodum products that embody Bodum designs, as well as the identities of the products that embody Bodum designs, will be uncovered during discovery.

In any event, the Court should also look to the reasonable inferences that can be drawn from the Complaint.  *See Reid v. Pierce County,* 136 Wn.2d 195, 201 (1998) ("We accept as true the allegations in plaintiff's complaint and any reasonable inferences therein.").  Bodum has alleged that Starbucks used ML Glass and Ningbo Worldcrown so that Starbucks could sell Bodum-like products without using Bodum.  (2nd Am. Compl. ¶¶ 110, 114, 135.)  Bodum has alleged that in the nearly 20 years of the parties' relationship, Starbucks has been privy to nearly all of Bodum's designs.  (2nd Am. Compl. ¶¶ 48-50.)  The Court can reasonably infer from these facts alleged that the products Starbucks is procuring from Bodum's Suppliers embody Bodum designs.  (2nd Am. Compl. ¶¶ 48-50, 110, 135); *Ratty v. Univ. of Wash.*, 2001 Wash. App. LEXIS 2562, at *3 (Wash. Ct. App. 2001) ("Dismissal of a claim is appropriate only if it appears beyond a reasonable doubt that no facts exist that would justify recovery.  The court accepts as true the allegations in plaintiff's complaint and any reasonable inferences therein.").

Bodum's allegations of the breach of the Settlement Agreement could not be more straightforward. Starbucks cannot, per contract, procure and sell product embodying Bodum's designs. Starbucks did so. Bodum was circumvented in Starbucks's supply chain and, therefore, damaged. Bodum is entitled to have this claim heard. Dismissal is unwarranted.

### D. Starbucks Failed to Meet and Confer with Bodum

Moreover, Starbucks's failure to meet and confer with Bodum warrants dismissal of its Motion to Dismiss Count III. When Starbucks first met and conferred with Bodum and the Court about dismissal, Count III did not exist. Starbucks has never met and conferred with Bodum about Count III. Per the "Individual Practices of Judge Edgardo Ramos," "a pre-motion conference with the Court is required before making any other motion, except where a litigant believes that delay in filing the motion might result in the loss of a right or where a litigant seeks to make a motion in a case involving an incarcerated *pro se* litigant, motion for admission *pro hac vice*, motion for reargument or reconsideration, or motion for temporary restraining order or preliminary injunction." ("Individual Practices of Judge Edgardo Ramos," Sect. 2(A)(ii).) Since Count III did not exist at the time of the party's meet and confer, the required pre-motion conference with the Court before making the Motion did not occur, in violation of Judge Ramos's Individual Practices. Dismissing Starbucks's Motion would be consistent with other decisions in this District. *See Universitas Educ., LLC v. Nova Group, Inc.*, 2013 U.S. Dist. LEXIS 142901, at *10 (S.D.N.Y. 2013) (terminating a motion to dismiss for "failure to comply with (judge's) meet and confer requirements."). Starbucks's Motion to Dismiss should be similarly dismissed for failure to comply with Judge Ramos's meet and confer requirements.

## IV. CONCLUSION

For the foregoing reasons, Starbucks's Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint should be denied.

Dated: New York, New York  
October 11, 2019

Respectfully submitted,

By: s/ Nicole J. Wing

Daniel Green  
VEDDER PRICE P.C.  
1633 Broadway 31st Floor  
New York, New York 10019  
T: +1 212 407 7700  
F: +1 212 407 7799  
dgreen@vedderprice.com

Nicole J. Wing *(admitted pro hac vice)*  
VEDDER PRICE P.C.  
222 North LaSalle Street  
Chicago, Illinois 60601  
T: +1 312 609 7500  
F: +1 312 609 5005  
nwing@vedderprice.com

Attorneys for Plaintiffs BODUM HOLDING AG, BODUM USA, INC., BODUM AG and PI-DESIGN AG