UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BODUM HOLDING AG, BODUM USA, INC., BODUM :
AG, and PI-DESIGN AG, :
                                 Plaintiffs,   : Case No. 19-cv-04280 (ER)
:
          -against-                            : **STIPULATED**
: **CONFIDENTIALITY**
STARBUCKS CORPORATION,              : **AGREEMENT AND**
: **PROTECTIVE ORDER**
                                Defendant.   :
-----------------------------------------------------------------X

EDGARDO RAMOS, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

I. **DEFINITIONS**

    1.     **Discovery Material.** All materials produced or adduced in the course of discovery, including without limitation, initial disclosures, responses to discovery requests, deposition testimony and exhibits, expert disclosures, mediation statements and exhibits, and any other information or material provided, disclosed, produced, given, or exchanged by, between, and

among the Parties and non-parties to the action in connection with proceedings in this action, and information derived therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to this Court's Individual Rules of Practice in Civil Cases, the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.**

   a. As used in this Order, "Confidential Information" means information designated as "Confidential" by the producing Party or non-party (the "Producing Party") that falls within one or more of the following categories: (i) information prohibited from disclosure by statute, by law, or by court order; (ii) trade secrets, research, design, development, marketing, planning, technical, commercial, proprietary, or financial information that the Producing Party has maintained as confidential; (iii) medical information concerning any individual; (iv) personal identity and contact information; (v) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (vi) personnel or employment records of a person who is not a party to the case.

   b. Confidential Information shall also include information designated as "Confidential Per DPA or GDPR" by the Producing Party that falls within one or more of the following categories: (i) information subject to the Swiss Federal Act on Data Protection of June 19, 1992 ("DPA") and/or its ordinances; or (ii) information subject to the Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with

Regard to the Processing of Personal Data and on the Free Movement of Such Data (General Data Protection Regulation) 2016 O.J. (L119/1) ("GDPR").

  c. Information or documents that are available to the public may not be designated as "Confidential," except for information covered by subsections 2.b.

  d. The Producing Party shall designate Confidential Information as both "Confidential" and "Confidential Per DPA or GDPR" if the document qualifies for such treatment under both subsections 2.a. and 2.b.

3. **Highly Confidential Information.** As used in this Order, "Highly Confidential - Attorneys' Eyes Only" means any Confidential Information that the Producing Party in good faith believes would cause direct harm to its competitive position if such Confidential Information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the Producing Party's business, commercial or financial interests, or constitutes sensitive or a special category of personal data under the DPA or GDPR. For the avoidance of doubt, "Highly Confidential - Attorneys' Eyes Only" may include, but is not limited to, business plans, sensitive financial data, product development information, sourcing information, manufacturing information, supplier information, and sensitive or special categories of personal data under DPA Article 3 or GDPR Article 9. The Producing Party shall designate Highly Confidential Information as both "Highly Confidential - Attorneys' Eyes Only" and "Confidential Per DPA or GDPR" if the document qualifies for such treatment under both subsection 2.b. and this section.

## II. DESIGNATION AND TREATMENT OF PROTECTED DISCOVERY MATERIAL

4. With respect to Discovery Material that a Producing Party has designated as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" pursuant to this Order (hereinafter "Protected Discovery Material"), no person subject to this Order may disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

5. The Producing Party may designate as "Confidential" and/or "Confidential Per DPA or GDPR" only such material that it reasonably and in good faith believes meets the definition of Confidential Information set forth in Paragraph 2 above.

6. The Producing Party may designate as "Highly Confidential - Attorneys' Eyes Only" only such material that it reasonably and in good faith believes meets the definition of Highly Confidential Information set forth in Paragraph 3 above.

7. With respect to portions of any Protected Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" the material in a manner that will not interfere with legibility or audibility. In the case of Protected Discovery Material disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container, or in the folder or filename of such documents if produced electronically, so as to clearly give notice of the designation.

8. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for "Confidential," "Confidential Per DPA or GDPR" or "Highly Confidential - Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Protected Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days of receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the thirty (30) day period following the receipt of the final transcript of a deposition, the entire deposition transcript will be treated as if it had been designated "Highly Confidential - Attorneys' Eyes Only."

9. The inadvertent failure to designate Discovery Material as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" does not constitute a waiver of such claim. If at any time before the termination of this action, a Producing Party realizes that it should have designated as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without a designation, the Producing Party may so designate such material by notifying all Parties and relevant non-parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only," as the case may be. In addition, the Producing Party shall provide each other Party and/or relevant non-party with replacement versions of such Protected Discovery Material that bears the "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" designation within two (2) business

days of providing such notice.

10. Nothing contained in this Order will be construed as: (a) a waiver by a Party or non-party of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11. Where a Producing Party has designated Discovery Material as "Confidential" and/or "Confidential Per DPA or GDPR," other persons subject to this Order (the "Receiving Party") may disclose such information only to the following persons:

   a. **Parties.** Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the action in which the information is disclosed;

   b. **Counsel.** Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter, as well as in-house counsel for the Parties;

   c. **Vendors.** Outside vendors or service providers (such as copy-service providers and document-management consultants) that a Party or its counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   d. **Mediator.** Any mediator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   e. **Author or Recipient.** As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   f. **Witness at depositions.** During their depositions, witnesses in this action to

whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "Confidential" and/or "Confidential Per DPA or GDPR" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

g. **Court reporters and Recorders.** Stenographers and videographers engaged to transcribe and record depositions the Parties conduct in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h. **The Court and its personnel.** This Court, including any appellate court, its support personnel, and court reporters; and

i. **Consultants and Experts.** Consultants or experts retained by or on behalf of a Party for the purposes of assisting that Party in this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto and is not a current officer, director, employee, consultant, owner, or investor of a peer and/or competitor of either Party.

j. **Others by consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or so ordered.

12. Where a Producing Party has designated Discovery Material as "Highly Confidential - Attorneys' Eyes Only," the Receiving Party may disclose such information only to the persons identified in Paragraph 11 (b), (c), (d), (e), (g), (h), (i) and (j) of this Order, except that any deposition transcript can be provided to the individual that gave the deposition notwithstanding the restrictions of this Paragraph.

13. Before disclosing any Protected Discovery Material to any person referred to in Paragraph 11(c), (d), (f), (g) or (i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement.

14. This Order binds the Parties and certain others to treat as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" any Discovery Material so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" hereunder.

15. Any Receiving Party who objects to any designation of confidentiality may serve upon counsel for the Producing Party, at least sixty days prior to trial, a written notice stating the grounds of the objection. The Producing Party shall, within fourteen (14) days after receipt of the notice make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally within ten (10) days thereafter, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes set forth in Rule 2(A)(i) of

this Court's Individual Practices. The Producing Party shall have the burden of proving that the designation is proper. The designation of disputed information shall remain unless and until otherwise ordered by the Court.

16. No pleadings, motion, memoranda, affidavits, declarations, exhibits, transcripts or other papers that consist of, contain, or reflect "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" information shall be filed with the Court unless and until the Party has sought leave of court to file such documents or the portions thereof containing or reflecting "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" information in redacted form or under seal pursuant to the procedures set forth in Paragraph 17 of this Order.

17. Any Party required or wishing to file in redacted form or under seal any pleading, motion, memorandum, exhibit or other document, must make a request to the Court by e-mailing a letter to chambers that briefly explains the reasons for seeking to file that submission in redacted form or under seal. This letter shall cite case law and provide a factual explanation that justifies the proposed request. This letter, with redactions if necessary, shall also be filed on ECF. In addition to the aforementioned letter, the Party shall attach to its e-mail: (1) one full set of the relevant document(s) and (2) if proposing redactions, one partial set of solely those pages on which the party seeks to redact material. The Party shall highlight the words, phrases, or paragraphs to be redacted in both sets. Upon receiving these documents, the Court shall review the request and, if applicable, the proposed redactions. If the Court approves the request, the Party promptly shall (1) publicly file any redacted materials and (2) file the set of unredacted materials or sealed documents with the Court's Records Management Department, in accordance with the Department's procedures, available at http://www.nysd.uscourts.gov/cases_records.php under the

"Sealed Records" tab. On application of a Party, and provided the unredacted papers are timely served on all Parties, the Court shall deem papers filed on the date the Party delivers them to chambers for review.

18. In the event that any "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" Discovery Material is used in any court proceeding in this litigation or any appeal therefrom, such "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" Discovery Material shall not lose its status as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" through such use, unless it has been lawfully placed on the public record. Counsel shall comply with all applicable local rules and shall confer on any procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

19. In the event a Party or interested member of the public challenges the redaction or sealing of particular documents that have been filed under seal, the Producing Party shall retain the burden of demonstrating the propriety of said redactions or the filing under seal.

20. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of documents covered by an applicable privilege or protection shall not, standing alone, be deemed a voluntary disclosure of those documents or a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this case or any other federal or state proceeding. Nothing in this paragraph shall require a Party or non-party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

21. Any Producing Party that inadvertently discloses or produces document(s) or ESI that it considers privileged or otherwise protected from discovery will give written notice to the Receiving Party, identifying the document(s) or ESI in question, the asserted privilege or protection, and the grounds therefore. In the event that any portion of the document(s) or ESI in question does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document(s) or ESI that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    a. Upon receipt of notice of the assertion of privilege or protection over produced document(s) or ESI, the Receiving Party will:

        i. to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party, and maintain the contested document(s) and/or ESI in confidence pending resolution of the contest by the Parties or the Court pursuant to Paragraph 15. To the extent it is necessary to submit the dispute to the Court for resolution, the Receiving Party shall seek leave to file the contested document(s) and/or ESI under seal in accordance with the procedures set forth in Paragraph 17. The Receiving Party may not use the contested document(s) and/or ESI for any purpose absent this Court's order; and

        ii. to whatever extent the Receiving Party does not contest the assertion of privilege or protection, upon request, promptly certify in writing to the Producing Party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived

therefrom (normally reasonably diligence will not include disaster recovery media). In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either Party may bring the contest to the attention of the Court in accordance with the Court's Individual Rules and Paragraph 15.

b. The Receiving Party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of its right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

  i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

  ii. the disclosure of the Protected Documents was not inadvertent;

  iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

  iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

c. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "Confidential," "Confidential Per DPA or GDPR," or "Highly

Confidential - Attorneys' Eyes Only," even where the failure to so designate was inadvertent and where the material is subsequently designated "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only."

22. Any Producing Party may redact from documents and things it produces matter that the Producing Party claims is subject to attorney-client privilege, work-product immunity, a legal prohibition against disclosure such as the DPA or GDPR, or any other privilege or immunity. The Producing Party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED" and specify the basis for the redaction (e.g., privilege, Per DPA or GDPR, etc.) as appropriate. The Producing Party shall preserve an unredacted version of each redacted document. The right to challenge and the process for challenging the designation of redactions shall be the same as the right to challenge and the process for challenging the designation of Discovery Material as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" as set forth in Paragraph 15.

23. Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party or non-party with respect to its own documents or information produced in this action.

24. Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if

permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

25. Each person who has access to Protected Discovery Material pursuant to this Order shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Discovery Material, protect against any reasonably anticipated threats or hazards to the security of such Protected Discovery Material, and protect against unauthorized access to or use of such Protected Discovery Material. To the extent a person or Party does not have an information security program, they may comply with this provision by having the Protected Discovery Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to the Producing Party's Protected Discovery Material, the Receiving Party shall: (1) promptly provide written notice to Producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event,

the Receiving Party shall promptly take all necessary and appropriate corrective action.

26. The protections conferred by this Order cover not only Protected Discovery Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in Court or in other settings that might reveal Protected Discovery Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Discovery Material shall be given the same protections under this Order as though they were designated as Protected Discovery Material.

27. Within sixty (60) days of the final disposition of this action—including all appeals—all recipients of Protected Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the Receiving Party must, upon request, certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

28. This Order will survive the termination of the action and will continue to be binding upon all persons subject to this Order to whom Protected Discovery Material is produced or disclosed.

29. The Parties agree to be bound by the terms of the Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

30. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: December 3, 2019

VEDDER PRICE P.C.

By: /s/ Daniel C. Green
Daniel C. Green
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212)-407-7700
Facsimile: (212)-407-7799
Email: dgreen@vedderprice.com

Nicole J. Wing
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
Email: nwing@vedderprice.com

*Attorneys for Plaintiffs Bodum Holding AG, Bodum USA, Inc., Bodum AG, and Pi-Design AG*

Dated: December 3, 2019

K&L GATES LLP

By: /s/ Joanna A. Diakos
Joanna A. Diakos
Priya Chadha
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901
E-mail: joanna.diakoskordalis@klgates.com
priya.chadha@klgates.com

Kari Vander Stoep
925 Fourth Avenue, Suite 2900
Seattle Washington, 98104
Telephone: (206) 623-7580
Facsimile: (206) 623-7200
E-mail: kari.vanderstoep@klgates.com

*Attorneys for Starbucks Corporation*

SO ORDERED.

Dated: December 4, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: December 4, 2019

_____
EDGARDO RAMOS
United States District Judge

17

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BODUM HOLDING AG, BODUM USA, INC., BODUM :
AG, and PI-DESIGN AG, :
                            Plaintiffs, : Case No. 19-cv-04280 (ER)
                                     :
               -against- : **NON-DISCLOSURE**
                                     : **AGREEMENT**
STARBUCKS CORPORATION, :
                                   :
                           Defendant. :
-----------------------------------------------------------------X

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential," "Confidential Per DPA or GDPR," or "Highly Confidential - Attorneys' Eyes Only" (the "Protected Discovery Material"). I agree that I will not disclose such Protected Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                    _____
                                                                    Name:
                                                                    Date: