**VedderPrice**

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

Nicole J. Wing
Shareholder
+1 312 609 7914
nwing@vedderprice.com

May 8, 2020

> Defendant is directed to respond by Thursday, May 14, 2020 at 5:00 PM.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: May 12, 2020
> New York, New York

Hon. Edgardo Ramos (via ECF)
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

**Re:   Bodum Holding AG et al. v. Starbucks Corp., Case No 1:19-cv-04280-ER**

Dear Judge Ramos:

I am counsel to Plaintiffs Bodum Holding AG, Bodum USA, Inc., Bodum AG and PI-Design AG (collectively "Bodum") in the above-referenced action. Pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules, I write to request a pre-motion conference to discuss Bodum's Proposed Motion for Leave to Amend its Complaint. The basis for Bodum's Proposed Motion for Leave to Amend is set forth below.

This case involves a product that Bodum and Starbucks developed together—a French press coffeemaker made of recycled materials (the "Product") to be sold in Starbucks' retail locations in various markets. Starbucks initiated a voluntary recall of the Product in 2019, despite Bodum's testing revealing that there was no defect in the Product. Counts I and II of Bodum's Complaint deal with costs of the recall. (See Compl., Dkt. 1). Starbucks initially moved to dismiss these counts, but after the Court's pre-motion conference on August 15, 2019, Bodum amended both counts. (See 1st Am. Compl., Dkt. 22 and 2d Am. Compl. (which clarified the parties subject to each count), Dkt. 28). Starbucks no longer seeks dismissal of Counts I and II.

When Bodum amended the Complaint on September 13, 2019, Starbucks moved to dismiss the new count—Count III—which alleged breach of contract for Starbucks' use of Bodum's exclusive suppliers in violation of the parties' operative agreements. Starbucks did not seek a pre-motion conference to discuss whether this claim could be amended. This Count III is what Bodum now seeks to amend, and this is Bodum's first request for an amendment on this claim.

The motion to dismiss Count III is fully briefed and pending ruling. (See Memo of Law in Support, Dkt. 32, Response in Opposition, Dkt. 36 and Reply Memo of Law in Support, Dkt. 39). While Bodum believes that the claim will survive dismissal as worded, Bodum is now able to amend that breach of contract claim to conform the pleading to the proof adduced in discovery. This amendment will resolve the matters at issue in the Motion to Dismiss.

Bodum seeks to split Count III into two separate breach of contract counts—breach of the parties' Master Purchasing Agreement (the "MPA") and, separately and independently, breach of the parties' 2008 Settlement Agreement (the "2008 Agreement") stemming from other litigation. This will bring clarity to the claims, since the issues involved with each agreement are distinct.

222 North LaSalle Street  |  Chicago, Illinois 60601  |  T +1 312 609 7500  |  F +1 312 609 5005

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

Page 2
May 8, 2020

      Bodum alleges that Starbucks breached the MPA when Starbucks sourced products for sale in Starbucks' stores using Bodum Suppliers, as that term is defined by the MPA.  Starbucks' dismissal motion claims that Bodum did not supply enough specificity as to how Starbucks committed the wrongdoings, and that the suppliers used were not expressly listed in the MPA.  Bodum's amendment will bring more specificity to the claim (despite not being required for a breach of contract claim).  This specificity will include names of the suppliers, names of the Starbucks agents that sourced product or materials from the suppliers and images of the products offered for sale in Starbucks' stores.  Bodum's amendment will also specifically refer to the <u>written</u> confirmation by Starbucks that these suppliers are Bodum Suppliers as defined by the MPA.

      Bodum wishes to allege the breach of the 2008 Agreement in a separate count to address the separate issues raised by that agreement.  The 2008 Agreement arose out of an intellectual property infringement lawsuit between Bodum and Starbucks, and contains restrictions on Starbucks' future use of Bodum designs.  Again, Starbucks' dismissal motion claims that Bodum's allegations of breach lack specificity.  Bodum's amendment will provide specificity through images of the designs that Starbucks copied and information about Starbucks' sale of those designs.

      Based on the foregoing, Bodum respectfully requests that the Court conduct a pre-motion conference and allow Bodum to amend its Complaint or file a formal motion for leave to amend if the Court requires further information.

Kind regards,

/s/ Nicole J. Wing

Nicole J. Wing

NJW/mvt