# K&L GATES

July 8, 2020

Joanna A Diakos
joanna.diakoskordalis@klgates.com

T +1 212 536 4807
F +1 212 536 3901

**By ECF**

The Honorable Edgardo Ramos
United States District Court for the Southern
District of New York
40 Foley Square
New York, NY 10007

Re: *Bodum Holding AG et al. v. Starbucks Corporation*, Case No. 1:19-cv-04280-ER

Dear Judge Ramos:

We represent Defendant Starbucks Corporation ("Starbucks" or "Defendant") in the referenced action.

In connection with its opposition to Plaintiffs' motions (a) for leave to file a third amended complaint and (b) to dismiss Counterclaim I (the "Motions"), Starbucks writes to respectfully request permission to file under seal (1) relevant portions of the Master Purchase Agreement ("MPA") and the relevant appendices, amendments, and schedules thereto, that are referenced in Plaintiffs' Proposed Third Amended Complaint ("TAC"), but not attached to it; and (2) a copy of the Confidential Settlement Agreement and Release dated January 14, 2008 (the "Settlement Agreement"), that is referenced in Plaintiffs' Proposed TAC, but not attached to it. The MPA and the Settlement Agreement will be Exhibits A and B respectively to the Declaration of Kari Vander Stoep in opposition to the Motions. Starbucks also respectfully seeks permission to redact the portions of Defendant's memorandum of law that quote from these confidential agreements ("Response Brief"). The portions of the Response Brief that Starbucks wishes to redact are highlighted.

The Court previously granted Starbucks permission to file such documents under seal in connection with its motion to dismiss Count III of the Second Amended Complaint. *See* Docket Entry dated September 23, 2019. The Court has similarly allowed Starbucks to partially redact portions of its briefs in support of its motion to dismiss Count III of the Second Amended Complaint as well as its Answer and First Amended Answer. *Id.*; *see also* ECF Nos. 38, 46, 72. Because those agreements are confidential, the agreements themselves and any filings that quote from them must be filed in redacted form. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal exhibits that contained

"highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. HBO, Inc.*, 26 F. Supp. 2d 606, 613-14 (S.D.N.Y. 1998) (granting request to seal confidential business information and trade secrets that were commercially valuable to defendants because disclosure would cause irreparable harm, outweighing the public's interest in access to it).

Accordingly, pursuant to Paragraph 17 of the Stipulated Confidentiality Agreement and Protective Order entered on December 4, 2019, Starbucks respectfully requests permission to (1) file Exhibits A and B to the Vander Stoep Declaration under seal and (2) file a redacted version of its Response Brief.

As with Starbucks prior requests, good cause exists for this request to (1) file Exhibits A and B to the Vander Stoep Declaration under seal and (2) file a redacted version of its Response Brief, and Starbucks respectfully requests that it be granted permission to do so.

Respectfully submitted,

/s/ Joanna A. Diakos
Joanna A Diakos