UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BODUM HOLDING AG,<br>BODUM USA, INC.,<br>BODUM AG, and<br>PI-DESIGN AG<br><br>         Plaintiffs,<br><br>-against-<br><br>STARBUCKS CORPORATION<br><br>         Defendant. | Case No. 1:19-cv-04280-ER<br><br>Honorable Edgardo Ramos |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNTERCLAIM I**

  Plaintiffs Bodum Holding AG, Bodum USA, Inc., Bodum AG and Pi-Design AG, (collectively "Bodum") respectfully submit this Reply in Support of their Motion to Dismiss Counterclaim I ("Motion") against Defendant Starbucks Corporation ("Starbucks") pursuant to Federal Rule of Civil Procedure 12, and state as follows:

**I. INTRODUCTION**

  Bodum's Count I of its complaint seeks a declaration that Starbucks, not Bodum, must pay for the recall of the Recycled French Press product. Starbucks's Counterclaim I seeks a declaration that Bodum, not Starbucks, must pay for the recall of the Recycled French Press product. The Second Circuit provides that such claims may be dismissed because they serve no independent purpose. Starbucks argues that Counterclaim I seeks an adjudication of amount of damages that Count I does not. This is incorrect. Both claims seek a declaration that the other must pay for the recall. That declaration, either way, will put the recall bill, with a number on it, in someone's hands. There is nothing Starbucks's declaratory counterclaim seeks that Bodum's claim does not.

Starbucks also argues that there is no harm in allowing Counterclaim I to remain in the case. However, the Second Circuit has expressed its preference to dismiss mirror image claims because they create judicial inefficiency and jurisdictional complications upon the adjudication of one of the claims. These needless issues are eliminated simply by dismissing the duplicative claim, and this Court should do so here.

II. **ARGUMENT**

    A. **Starbucks's Counterclaim Serves No Independent Purpose**

Both Bodum's Count I and Starbucks's Counterclaim I seek the same thing—a declaration that the other must pay for the recall of the Recycled French Press. When a counterclaim serves no independent purpose, the counterclaim may be dismissed. *Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*, No. 11 CIV. 03633 LTS, 2013 WL 247839, *2–3 (S.D.N.Y. Jan. 22, 2013); *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822, 2008 WL 4974823, at *3 (S.D.N.Y. Nov. 24, 2008).

In response, Starbucks contends that Counterclaim I serves an independent purpose because it seeks entry of a judgment as to the amount that Bodum owes Starbucks for the Recall. (Resp. at 23.) In support, Starbucks relies on *Five Star Dev. Resort Communities LLC v. iStar RC Paradise Valley LLC*, 09-cv-2085, 2012 WL 1003557, at *4 (S.D.N.Y. March 26, 2012). In *Five Star*, the issues presented by a lender's counterclaim were not subsumed by the borrower's claim. *See id*. at *4–5. There, the borrower was seeking declaration that it was not in default. *Id.* at *4. The lender was seeking declaration that the borrower was in default and that the lender could exercise default remedies pursuant to the contract. *Id.* at *5. A determination that the borrower was in default did not necessarily require a determination that the lender could then employ the default remedies mentioned in other parts of the contract. *See id.*

In this case, unlike *Five Star*, only one question is being raised in both claims: can Starbucks shift the cost of the recall to Bodum? This question will be answered upon adjudication of Bodum's Count I. *See Dubov v. Lewis*, No. 18 CIV. 3854 (PAE), 2019 WL 1060652, at *3 (S.D.N.Y. 2019) (granting plaintiff's motion to dismiss a counterclaim for declaratory judgment that it did not breach a contract because that would necessarily be decided upon adjudication of plaintiff's underlying breach of contract claim). In addition, in Starbucks's Counterclaim II, Starbucks brings an affirmative claim for breach of Section 9.8 of the MPA (the recall section) and seeks damages from Bodum. If Starbucks is entitled to damages, then it can be awarded those damages on Counterclaim II. There is no independent purpose to having the fact-finder issue two identical declarations on Count I and Counterclaim I.

### B.     Dismissal of Mirror Image Claims Does Not Hinge on Prejudice

Rather than address any of the authority cited by Bodum on mirror image claims, Starbucks instead argues that Bodum must show that prejudice will result from permitting Counterclaim I to stand. (Resp. at 25.) In support, Starbucks points to two cases, both of which are easily distinguished.

*Ferring B.V. v. Fera Pharm., LLC*, 13-cv-4640, 2014 WL 4829053, at *2 (E.D.N.Y. Aug. 13, 2014) is a classic trademark infringement claim with an invalidity counterclaim. The plaintiff sought a declaratory judgment that defendant infringed on plaintiff's trademark. *Id*. The defendant counterclaimed, seeking a declaratory judgment that plaintiff's trademark was invalid and that, as a result, defendant did not infringe on Plaintiff's trademark. *Id*.

Invalidity in patent and trademark cases is a concept independent from infringement and carries different elements of proof. *See Commil USA, LLC v. Cisco Systems*, 575 U.S. 632 (2015) (noting that "[a] party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement" and concluding that this was explained by "the long-

3

accepted truth—perhaps the axiom—that infringement and invalidity are separate matters under patent law").

The motion to strike in *Ferring* was not denied on the basis of a failure to argue prejudice, but rather on finding that the counterclaim was not a mirror image. 2014 WL 4829053, at *5–6. In intellectual property cases, invalidity is not a mirror image of infringement, as courts in this Circuit have routinely held. *See, e.g., Worldwide Home Products v. Bed Bath & Beyond, Inc.*, 2013 U.S. Dist. LEXIS 9146, at *8 (S.D.N.Y. Jan. 22, 2013) (rejecting plaintiff's mirror image arguments because "[defendants'] Counterclaims allege invalidity, which is legally and factually distinct from infringement"); *Leach v. Ross Heater & Manuf. Co.*, 104 F.2d 88 (2d. Cir. 1939) (reversing district court's dismissal of counterclaims seeking declaratory judgment of invalidity and non-infringement where plaintiff brought suit for infringement because case or controversy would remain if plaintiff voluntarily dismissed suit).  This concept in intellectual property law, however, is irrelevant to the matters at issue in this case.  As discussed, the only issue in dispute here is whether Starbucks may shift the cost of the recall onto Bodum.  Answering this question resolves both Count I and Counterclaim I.  Infringement/invalidity cases have no relevance to other mirror-image declaratory claims.  They are their own creature.

In Starbucks's other cited case of *Canon U.S.A., Inc. v. F & E Trading LLC*, 2:15-cv-6015, 2017 WL 4357339, at *9 (E.D.N.Y. Sept. 29, 2017), the court, like in *Ferring*, found that defendant raised an independent controversy. While the lack of prejudice in allowing the claim to stand was discussed, that was not the reason for the holding. The counterclaim was not the exact opposite of the original claim – it had added nuances.  Here, no independent controversy exists, and Starbucks's Counterclaim I is the exact opposite of Bodum's Count I, with no added nuances.  As opposed to *Canon*, adjudication of Bodum's claim would necessarily resolve Starbucks's

4

Counterclaim I.  At bottom, the long-established Second Circuit policy disfavors mirror image claims because of the desire to streamline cases and avoid the risk of lingering jurisdiction.  *See, e.g.*, *Arista Records LLC v. Usenet.com., Inc.*, 2008 U.S. Dist. LEXIS 95514, at *10-15 (S.D.N.Y. Nov. 24, 2008); *Interscope Records v. Kimmel*, 2007 U.S. Dist. LEXIS 43966, at *12-16 (N.D.N.Y. June 18, 2007); *Worldwide Home Prods. V. Bed Bath & Beyond, Inc.*, 2013 U.S. Dist. LEXIS 9146, at *7-8 (S.D.N.Y. Jan. 22, 2013).  To the extent the Court wishes to consider the prejudice of leaving Counterclaim I in the case, these cases establish what the prejudice is whenever a mirror-image claim is left at issue.

### III. CONCLUSION

For the foregoing reasons, Bodum's Motion to Dismiss Counterclaim I should be granted..

Dated: New York, New York

July 15, 2020

Respectfully submitted,

By:  s/ Nicole J. Wing

Daniel Green
VEDDER PRICE P.C.
1633 Broadway 31st Floor
New York, New York 10019
T:  +1 212 407 7700
F:  +1 212 407 7799
dgreen@vedderprice.com

Nicole J. Wing *(admitted pro hac vice)*
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
F:  +1 312 609 5005
nwing@vedderprice.com

Attorneys for Plaintiffs BODUM HOLDING AG, BODUM USA, INC., BODUM AG and PI-DESIGN AG

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all to counsel of record on July 15, 2020.

                       /s/ *Nicole J. Wing*
                       Nicole J. Wing