**K&L GATES**

**MEMO ENDORSED**

> Granted. All discovery deadlines are hereby stayed. The Clerk of Court is respectfully directed to terminate the motion. Doc. 119.
>
> So ordered.
>
> Edgardo Ramos, U.S.D.J
> Dated: 3/18/2021
> New York, New York

March 18, 2021

**By ECF**

The Honorable Edgardo Ramos
United States District Court
40 Foley Square
New York, NY 10007

**Re:** *Bodum Holding AG et al. v. Starbucks Corporation*, Case No. 1:19-cv-04280-ER

Dear Judge Ramos:

We represent Defendant Starbucks Corporation ("Starbucks") in the referenced action, and together with Plaintiffs Bodum Holding AG, Bodum USA, Inc., Bodum AG, and Pi-Design (Bodum"), we write to respectfully request that the Court stay the current Civil Case Discovery Plan and Scheduling Order entered on November 16, 2020 (the "Scheduling Order) (Dckt. #102) pending the Court's ruling on Starbucks Corporation's request for a protective order.

Although the parties have been diligent in their discovery efforts thus far, the parties dispute the proper scope of discovery as it relates to Count III of Bodum's Third Amended Complaint ("TAC"). In particular, on March 11, 2021, Starbucks filed a letter seeking a pre-motion conference, or, in the alternative, for permission to move the Court for a protective order limiting the scope of discovery as it relates to Count III to the product depicted in Exhibit 8 of Bodum's TAC. (Dckt. #116.) Pursuant to the Court's Order entered on March 11, 2021, Bodum's response to this request is due on March 18, 2021, and a pre-motion conference with the Court is scheduled to take place on April 6, 2021. (Dckt. #117.) The scope of the permitted discovery as it relates to the breach of the 2008 Settlement Agreement claim will impact the case schedule going forward.

While the parties had initially agreed to ten (10) fact depositions each, the Court's decision granting in part Bodum's motion for leave to amend the 2008 Settlement Agreement claim necessitated additional fact depositions. Accordingly, the parties have agreed to conduct depositions in excess of the ten-deposition limit set forth in Rule 30(a)(2). In particular, the parties have agreed that they may each take up to 16 fact depositions, for a total of 32 depositions (not including experts). To date, the parties have taken thirteen (13) fact depositions and anticipate taking nineteen (19) additional fact depositions. Some of these witnesses are located abroad and scheduling and conducting such depositions has been challenging in light of prohibitions on the taking of video-taped depositions in the jurisdictions where these witnesses reside (e.g.,

Switzerland does not allow its residents to be deposed by an American lawyer while the witness is physically located in Switzerland) as well restrictions on travel due to the global Covid-19 pandemic. At this time, due to Bodum's travel policy in line with Swiss and European mandates and guidelines, at least five of Bodum's European witnesses, including Joergen Bodum, are unable to travel to a jurisdiction that permits voluntary video-taped depositions until such time as they are fully vaccinated. At present, the parties anticipate it will take a few more months until such witnesses are fully vaccinated and (hopefully) able to travel to a destination where his/her respective deposition may legally be taken (e.g., Belgium, London, Portugal).[1] Additionally, Bodum has taken the position that it will not depose any additional witnesses of Starbucks until such time as Starbucks has produced documents responsive to Bodum's third set of discovery requests, which are the subject of Starbucks Corporation's request for a protective order.

In light of these facts, the parties respectfully request that the Court stay the current deadlines in the Scheduling Order and delay the setting of new deadlines until the Court has had the opportunity to consider and rule upon Starbucks Corporation's request for a protective order limiting the scope of discovery on Bodum's Count III to TAC Exhibit 8.

This is the parties' fourth request for an extension of the Scheduling Order.

The parties are available to answer any questions the Court may have, and they thank the Court for its consideration.

Respectfully submitted,

*/s/ Joanna A. Diakos*

---

[1] Starbucks also took the position that it would not depose additional U.S.-based witnesses of Bodum until such time as Bodum and Starbucks resolved their disputes over the scope of Bodum's responses to Starbucks third and fourth sets of requests for production. These disputes are in the process of resolution, and Starbucks is working with Bodum to schedule additional depositions of Bodum's U.S.-based witnesses.