MEMO ENDORSED

> Plaintiffs are directed to respond by end of business day Thursday, October 7, 2021. This matter will be discussed at the conference scheduled for October 8, 2021. The Clerk is respectfully requested to terminate the motions, Docs. 134 and 135.
>
> Edgardo Ramos, U.S.D.J
> Dated: October 4, 2021
> New York, New York

# K&L GATES

September 30, 2021

**By ECF**

The Honorable Edgardo Ramos
United States District Court
40 Foley Square
New York, NY 10007

Joanna A Diakos
joanna.diakoskordalis@klgates.com

T +1 212 536 4807
F +1 212 536 3901

**Re:** *Bodum Holding AG et al. v. Starbucks Corporation*, Case No. 1:19-cv-04280-ER

Dear Judge Ramos:

Pursuant to the Rule 2(A)(i) of Your Honor's Individual Practices and Paragraph 21(a)(i) of the Stipulated Confidentiality Agreement and Protective Order (ECF No. 42) ("Protective Order"), I write regarding a document, which is attached hereto as Exhibit 1, that Bodum produced on March 30, 2020, and sought to claw back on the basis of attorney-client privilege a year later on March 30, 2021 (the "Email"). Starbucks contests Bodum's assertion of privilege, and despite several efforts to meet and confer, the parties have not been able to resolve their dispute.

## Background

The Email is an internal Bodum email from Alain Grossenbacher, Bodum's Creative Director, to three other Bodum employees, including the CEO, Joergen Bodum. In the Email, [REDACTED] None of the four individuals on the Email are attorneys.[1]

Given that there was a year between Bodum's production of the Email and its subsequent claw back notice, Starbucks had ample time to review and become familiar with its contents. During that time, Starbucks, seeing no reason to believe that the Email was privileged, planned to

---

[1] Bodum has argued that Starbucks may not rely on the contents of the email in opposing Bodum's claw back request. Starbucks disagrees with Bodum's assertion and maintains that it is appropriate for it to rely on the contents of the email in opposing the claw back request since it was aware of such contents prior to the claw back request being made. New York law is clear that a party may "rely on any information learned prior to notification of the inadvertent disclosure for the purposes of litigating the privilege claim." *Stinson v. City of New York*, No. 10 Civ. 4228 (RWS), 2014 WL 5090031, at *4 (S.D.N.Y. Oct. 10, 2014).

use it in upcoming depositions and had already included it in a deposition outline in which it quoted from the Email and noted that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

Upon receipt of Bodum's March 30, 2021 claw back notice, Starbucks fully abided by the procedures set forth in Paragraph 21 of the Protective Order by (1) "maintain[ing] the contested document(s) and/or ESI in confidence pending resolution of the contest by the Parties or the Court" and (2) filing a copy of the document under seal here.

The parties met and conferred on multiple occasions in an attempt to resolve their dispute regarding whether the Email is privileged. Specifically, Starbucks sent a letter to Bodum on April 12, 2021, and the parties discussed the topic further over email that week. The parties also discussed the dispute by telephone on May 7, 2021, and following that conference call, they continued to discuss the dispute, including as recently as a July 7 email and July 9 conference call, but despite their concerted efforts, the Court's intervention is necessary.[2]

## Analysis

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg, New York*, 171 F. Supp. 3d 136, 140 (S.D.N.Y. 2016). "Courts apply [the privilege] only where necessary to achieve its purpose and construe the privilege narrowly because it renders relevant information undiscoverable." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (internal citations and quotations omitted). The burden rests with the party asserting privilege. *Bloomingburg Jewish Education Center*, 171 F. Supp. 3d at 140.

The Email, an internal communication between four business-side Bodum employees, is not privileged. It is clear that Bodum is essentially seeking to protect the underlying facts, including key admissions that were made by Mr. Grossenbacher without legal consultation. Such facts cannot be withheld under the guise of privilege because "it is beyond question that the attorney-client privilege protects only communications with counsel, not the underlying facts that are communicated to counsel." *American Broadcasting Cos., Inc. v. Aereo, Inc.*, No. 12 Civ. 1540(AJN)(HBP), 2013 WL 5526282, at *5 (S.D.N.Y. Oct. 7, 2013); *see also Pegler v. NRG Residential Solar Solutions, LLC*, 17-CV-4319 (LGS) (KNF), 2018 WL 4278337, at *1 (S.D.N.Y. May 1, 2018); *866 East 164th Street, LLC v. Union Mutual Fire Insurance Co.*, 16-CV-03678 (SN), 2016 WL 6901321, at *2 (S.D.N.Y. Nov. 23, 2016).

---

[2] Bodum's lead litigator was on medical leave beginning on July 9, 2021, and requested that Starbucks not raise this dispute with the Court until she returned from her medical leave.

Further, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ so it is not privileged. *TVT Recs., Inc. v. Island Def Jam Music Grp., a Div. of UMG Recordings, Inc.*, No. 02 CIV. 6644 (VMDF), 2003 WL 749801, at *2 (S.D.N.Y. Mar. 5, 2003) (holding that conveyance of information from a third party is not privileged); *ECDC Environmental v. New York Marine and General Ins. Co.*, No. 96CIV.6033(BSJ)(HBP), 1998 WL 614478, at *9-10 (June 4, 1998) (citing cases holding that information obtained from third parties is not privileged). Indeed, Bodum clearly recognizes that information shared by and/or communications with Mr. Braun are not privileged because it has produced other communications it had with him.

Non-privileged facts do not become privileged solely by virtue of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In an analogous case, a party tried to withhold communications with its consultant, including ones in which the consultant forwarded nonprivileged information to counsel. The court held that that was inappropriate because "[f]orwarding nonprivileged factual information to Plaintiffs' counsel does not protect the underlying facts from disclosure" and held "Plaintiffs may make appropriate redactions to cover e-mails forwarding the attached documents, but the underlying documents (i.e., communications with the third parties and [the consultant's] notes) must be produced." *National Association for the Advancement of Colored People v. East Ramapo Central School District*, 17 Civ. 8943 (CS)(JCM), 2019 WL 12248031, at *3 (S.D.N.Y. March 14, 2019); *see also Kleeberg v. Eber*, 16-CV-9517 (LAK)(KHP), 2019 WL 2085412, at *16 (S.D.N.Y. May 13, 2019) ("emails that merely forward non-privileged factual information to attorneys/consultants without expressly seeking or receiving legal advice are not privileged."); *Renner v. Chase Manhattan Bank*, No. 98 Civ. 926 (CSH), 2001 WL 1356192, at *5 (S.D.N.Y. Nov. 2, 2001) (rejecting assertion "that documents for which no claim of privilege could be asserted become cloaked with privilege solely because [party] sent them to his attorney. . . . Were the rule otherwise, a party could shield quantities of highly relevant and fully discoverable documentary evidence through the simple expedient of conveying copies to his attorney."). Bodum's efforts to withhold the Email entirely are equivalent to an attempt to withhold an email forwarding nonprivileged information or documents to counsel. As in those cases, while Bodum may be able to partially redact the Email to remove ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it has no basis to withhold the document entirely.

The attorney-client privilege is construed narrowly because it has the effect of shielding otherwise relevant communications from discovery. *Bloomingburg Jewish Education Center*, 171 F. Supp. 3d at 140. Allowing a party to withhold documents containing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would broaden the privilege beyond measure. As the party asserting a privilege claim, Bodum bears the burden of establishing privilege exists, and it cannot meet that burden here. *Id.* Accordingly, Starbucks respectfully requests that the Court rule that the Email is not privileged and deny Bodum's request to claw it back on the basis of privilege.

Respectfully submitted,

/s/ Joanna A. Diakos

4